**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4507

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARY ELIZABETH WORKMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:23-cr-00195-FL-1)

Submitted:  March 26, 2026                                             Decided:  April 21, 2026

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Jake D. Pugh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Elizabeth Workman appeals her 18-month sentence imposed on remand for resentencing following her guilty plea to theft of government property, in violation of 18 U.S.C. § 641. We previously granted the Government's motion to dismiss Workman's appeal in part as to all issues that fell within the scope of the appeal waiver contained in her plea agreement. The only remaining issue relevant to this appeal is Workman's argument that the district court vindictively punished her when it imposed a higher sentence and additional supervised release conditions following her successful first appeal. We affirm.

"When a defendant's sentence has been vacated on appeal and remanded for resentencing, the district court may impose 'a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the' defendant." *United States v. Singletary*, 75 F.4th 416, 423 (4th Cir. 2023) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 723 (1969)); *see Pepper v. United States*, 562 U.S. 476, 492 (2011) ("[A] court's duty is always to sentence the defendant as [s]he stands before the court on the day of sentencing." (internal quotation marks omitted)). However, "vindictiveness against a defendant for having successfully attacked [her] first conviction must play no part in the sentence [s]he receives." *Pearce*, 395 U.S. at 725 (internal quotation marks omitted).

There are two ways a defendant may establish judicial vindictiveness. First, she may "affirmatively prove actual vindictiveness" through direct evidence of animus. *Wasman v. United States*, 468 U.S. 559, 568–69 (1984). However, "[t]he existence of a

2

retaliatory motivation would, of course, be extremely difficult to prove in any individual case." *Pearce*, 395 U.S. at 725 n.20. So second, "[i]n order to assure the absence of such a motivation," there is a rebuttable presumption of vindictiveness "whenever a judge imposes a more severe sentence upon a defendant" after a successful appeal. *Id.* at 726. To defeat this presumption, the district court must "justify [its] increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings." *Wasman*, 468 U.S. at 572; *see Pearce*, 395 U.S. at 726 ("Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant . . . .").

However, the "presumption of vindictiveness does not apply in every case where a convicted defendant receives a higher sentence on retrial." *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (cleaned up). Rather, when a defendant is resentenced by a different court, *Colten v. Kentucky*, 407 U.S. 104 (1972), the second decisionmaker has an insufficiently "personal stake in the prior conviction," *Smith*, 490 U.S. at 800 (internal quotations omitted), to make any vindictiveness likely. In these circumstances, because there is no "reasonable likelihood" that a higher sentence on remand resulted from "actual vindictiveness on the part of the sentencing authority," no presumption of vindictiveness attaches. *Id.* at 799. Instead, "the burden remains upon the defendant to prove actual vindictiveness." *Id.*

Because Workman did not object to her purportedly harsher sentence on vindictiveness grounds, our review is for plain error. *United States v. Chang*, 121 F.4th 1044, 1050 (4th Cir. 2024). "[U]nder the plain-error standard, the defendant must show

3

(1) an error that [s]he did not affirmatively waive that (2) was clear or obvious, rather than subject to reasonable dispute, and that (3) affected the outcome of the district court proceedings." Id. at 1051 (internal quotation marks omitted). But "[e]ven if the defendant makes that showing, [s]he must still persuade the appellate court to exercise its discretion to correct the error," which we will not do unless "the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

With these principles in mind, we conclude that Workman has not shown actual vindictiveness by the district court in its decision to impose a sentence that was three months longer than her original sentence and included additional terms of supervised release. Because Workman was resentenced by a different district court judge, the presumption of vindictiveness does not apply. Furthermore, Workman does not point to any persuasive evidence of animus by the district court, nor does the record suggest that the court bore any ill will towards Workman for succeeding in her appeal of her original sentence. Instead, the record shows that the second district court gave clear and explicit reasons for imposing a longer sentence after taking a careful look at the entire record and relevant information, discussing the details and implications of Workman's conduct, and giving both parties the opportunity to comment. Likewise, in fashioning the terms of Workman's supervised release, the district court grounded the conditions in the facts of Workman's case, including the nature of her offense, her history of medical and mental health issues, and her need for ongoing supervision.

4

Because Workman has not shown any error, much less a plain one, by the district court, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*